IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 22bk02585 |
| Jorgette C. Montilla and ) | Chapter 7 |
| Daniel Salgado, ) | |
| ) | |
| Debtors. ) | Honorable LaShonda A. Hunt |
| ) | |

## ORDER DENYING REQUEST OF CHAPTER 13
## COUNSEL FOR PAYMENT BY THE CHAPTER 13 TRUSTEE

Debtors Jorgette Montilla and Daniel Salgado ("Debtors") initially filed this case under chapter 13 of the Bankruptcy Code. Consistent with their proposed plan of reorganization, Debtors made preconfirmation payments to standing chapter 13 trustee Glenn Stearns ("Trustee"). But before a plan could be confirmed, they voluntarily converted the case to a chapter 7. The Trustee is holding undistributed funds from the now-terminated chapter 13 estate. The Semrad Law Firm, LLC ("Semrad Law"), who represented Debtors in the chapter 13 case, asks the Court to order the Trustee to pay their attorney fees with the funds on hand. The Trustee objects, citing Supreme Court precedent requiring him to return those funds to Debtors after a conversion. Semrad Law contends that decision does not apply. The matter is fully briefed. Upon review of the parties' arguments and the relevant case law, the Court agrees with the Trustee.

## Background

The facts are not in dispute. Debtors filed a chapter 13 petition and proposed plan in March 2022. Three weeks later, Semrad Law filed an application for compensation, seeking payment under the Court Approved Retention Agreement and through a confirmed plan for a flat fee of $4,500 and expenses of $356.14. Hearings on confirmation and counsel's fee application

were continued several times before Debtors filed a notice of conversion to chapter 7 in July 2022. The Trustee is holding $1,100.55, which Semrad Law asserts should be disbursed to them to satisfy their allowed fee award of $4,856.14 in the chapter 13 case. Semrad Law is also representing Debtors in the converted chapter 7 case for a fee of $2,100.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

## Discussion

At issue is whether undistributed plan payments held by a chapter 13 trustee after the case has been converted to a chapter 7 can be used to pay for services provided by debtor's counsel in the chapter 13. Both the Trustee and Semrad Law correctly focus on the controlling Supreme Court decision of *Harris v. Viegelahn*, 575 U.S. 510, 135 S.Ct. 1829, 191 L. Ed. 2d 783 (2015). There, the chapter 13 debtor confirmed a plan but later defaulted on plan payments and then converted the case to a chapter 7. As part of her windup duties, the chapter 13 trustee proposed to pay the remaining estate funds to creditors according to the confirmed plan, but the bankruptcy court ordered her to refund the money to the debtor. *In re Harris*, Case No. 10–50655, Order Compelling Return of Funds (Bankr. W.D.Tex. Feb. 29, 2012) (Doc. # 45). The district court affirmed. *In re Harris*, 491 B.R. 866, 876 (W.D.Tex. 2013). However, the Fifth Circuit reversed. *Viegelahn v. Harris (In re Harris)*, 757 F.3d 468, 481 (5th Cir. 2014).

The Supreme Court granted certiorari to answer the question presented: "What happens to postpetition wages held by a Chapter 13 trustee at the time the case is converted to Chapter 7?" *Harris*, 135 S.Ct. at 1837. After recognizing that "[c]onversion from Chapter 13 to Chapter 7 does not commence a new bankruptcy case," but rather continues the same case "along another track, Chapter 7 instead of Chapter 13," the Supreme Court looked to section 348 of the

2

Bankruptcy Code and held that "a debtor who converts to Chapter 7 is entitled to return of any postpetition wages not yet distributed by the Chapter 13 trustee." *Id.* at 1835.

Section 348(f) provides that "[a] debtor's postpetition wages, including undisbursed funds in the hands of a trustee, ordinarily do not become part of the Chapter 7 estate created by conversion." *Id.* at 1837. "Absent a bad-faith conversion," the converted chapter 7 estate is limited to "property belonging to the debtor 'as of the date' the original Chapter 13 petition was filed." *Id.* Postpetition earnings or acquisitions collected by the chapter 13 trustee from the debtor prior to conversion "do not fit that bill." *Id.* Those funds are no longer part of a chapter 13 estate, nor do they pass into the converted chapter 7 estate. Instead, they belong to the debtor, just as if he had proceeded with a chapter 7 filing only. *Id. See also In re Hoggarth*, 546 B.R. 875, 877 (Bankr. D. Colo. 2016).

Furthermore, section 348(e) states that "[c]onversion of a case under section 706, 1112, 1208, or 1307 of this title terminates the service of any trustee or examiner that is serving in the case before such conversion." 11 U.S.C. § 348(e). Reading that section as bringing a complete end to the chapter 13 trustee's role in the bankruptcy case, the Supreme Court concluded that: "When a debtor exercises his statutory right to convert, the case is placed under Chapter 7's governance, and no Chapter 13 provision holds sway." *Harris*, 135 S.Ct. at 1838. Given that the primary "service" of the chapter 13 trustee is to distribute payments to creditors, section 348(e) essentially strips the trustee "of authority to provide that service" once the case is converted. *Id*. As such, the former chapter 13 trustee cannot make further distributions. Rather, he must return the funds to the debtor.

*Harris* makes clear that conversion from chapter 13 to chapter 7 marks the end of the chapter 13 estate and the chapter 13 trustee's authority to disburse payments. The debtor then

3

proceeds with a chapter 7 estate administered by a chapter 7 trustee, as if a chapter 13 case had never been filed. Accordingly, since no interested party has alleged a bad-faith conversion, the Trustee correctly applied *Harris* here in determining that he could not pay any of Debtors' creditors, including their chapter 13 counsel.

Semrad Law nonetheless maintains that *Harris* is distinguishable because the case involved a post-conversion creditor seeking payment from the trustee. In contrast, Semrad Law contends, they have a pre-conversion claim with administrative priority that is governed by a sentence in section 1326(a)(2) of the Code that the Supreme Court did not address. While it is true that the facts in the instant case are different, those distinctions do not render *Harris* inapplicable to this situation.

First, nothing in *Harris* evinces an intent to limit its reach to confirmed chapter 13 cases only. To the contrary, the Supreme Court spoke broadly and definitively in stating that "*no* Chapter 13 provision holds sway" after a case is converted to a chapter 7 and the chapter 13 trustee is stripped of his duty to perform statutory services, including making distributions. 135 S.Ct. at 1838 (emphasis added). In other words, the crucial moment for purposes of this analysis is the conversion. And once that occurs, whether a plan is confirmed or not, chapter 13 provisions no longer govern the case. *See In re Vonkreuter*, 545 B.R. 297, 302 (Bankr. D. Colo. 2016) (collecting cases).

Second, *Harris* expressly rejected the argument that section 1326(a)(2) authorizes the chapter 13 trustee to continue making payments after conversion. *Id.* at 1838. That provision provides as follows:

> A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not

4

>previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).

11 U.S.C. § 1326(a)(2). Semrad Law urges the Court to interpret this language to provide for three distinct scenarios: (1) per the first sentence, preconfirmation payments are to be held by the trustee until confirmation occurs or is denied; (2) per the second sentence, when a plan is confirmed, the trustee is authorized to distribute payments according to the confirmed plan; and (3) per the third sentence, if a plan is not confirmed, the trustee is required to return preconfirmation payments to the debtor after deducting any unpaid claim allowed under section 503(b). Because section 503(b) includes allowed administrative expenses, Semrad Law insists that the third sentence of section 1326(a)(2) contemplates that funds held in an unconfirmed and converted case will be returned to the debtor only *after* allowed attorney fees have been paid.

Semrad Law's position has been adopted by a few bankruptcy courts. *See, e.g.*, *In re Brandon*, 537 B.R. 231 (Bankr. D. Md. 2015); *In re Arnold*, 618 B.R. 822 (Bankr. E.D. Mich. 2020); *In re Evans*, 618 B.R. 493 (E.D. Mich. 2020). Respectfully, this Court cannot reconcile those decisions with *Harris*. Indeed, the chapter 13 trustee in *Harris* pointed to the second sentence in section 1326(a)(2) to support her contention that creditors were entitled to payment after conversion. However, the Supreme Court declared that section 1326(a)(2), like all other chapter 13 provisions, "cease[s] to apply once [a] case [is] converted to Chapter 7." *Harris*, 135 S.Ct. at 1838. There is no logical reason why the third sentence in section 1326(a)(2) would govern a pre-confirmation conversion when the second sentence of section 1326(a)(2) does not govern a post-confirmation conversion.

The more persuasive viewpoint followed by the majority of bankruptcy courts is that *Harris* applies to every converted case and chapter 13 trustees are obligated to give postpetition funds back to debtors without making administrative expense disbursements to their former

5

counsel. *See, e.g., In re Lettie,* 597 B.R. 637 (Bankr. E.D. Wisc. 2019); *In re Post*, 572 B.R. 678 (Bankr. W.D. Mich. 2017); *In re Ivey*, 568 B.R. 85 (Bankr. E.D. Ark. 2017); *In re Hoggarth*, 546 B.R. 875 (Bankr. D. Colo. 2016); *In re Beauregard*, 533 B.R. 826 (Bankr. D. New Mexico 2015).

Semrad Law contends that the *Harris* holding should be limited to creditors as opposed to administrative expense claimants, but that argument is not persuasive. Because "the funds in the [chapter 13] Trustee's possession are no longer included within the estate," they are "no longer available to satisfy claims." *Post*, 572 B.R. at 680. To the extent any claimant seeks payment from the chapter 13 estate post-conversion, *Harris* deems that disbursement improper.

More importantly, whether the fees of chapter 13 counsel could be paid by the trustee post-conversion was not an issue in *Harris*. As a matter of fact, the debtor there had attached to his notice of conversion an assignment of funds that were due to him from the chapter 13 trustee to his counsel for "payment [of] post-conversion Chapter 7 attorney fees." *In re Beauregard*, 533 B.R. at 828-29. That is the opposite of what Semrad Law seeks here. They want the Trustee to pay the bill for pre-conversion chapter 13 services. But section 503(b) claims in a former chapter 13 estate are covered under section 726(b) of the Code. Post-petition pre-conversion administrative expense claims receive a priority just below the chapter 7 trustee's administrative expense claims. 11 U.S.C. § 726(b). At best, the Court will allow the claim for unpaid chapter 13 fees and expenses, but former counsel is not entitled to payment from the now-terminated chapter 13 estate. *See In re Brown*, 2019 WL 122832, 18-00189 (Bankr. D.C., Jan. 5, 2019); *Post*, 572 B.R. at 680; *In re Sowell,* 535 B.R. 824 (Bankr. D. Minn. 2015); *Beauregard*, 533 B.R. at 832 n.6.

Finally, Semrad offers a policy argument that following *Harris* in unconfirmed, converted cases may disincentivize bankruptcy counsel from representing clients who cannot afford to put money down at the outset of a case. That is a valid concern. Nevertheless, this Court is bound by the Supreme Court's ruling and must adhere to the express language of the Bankruptcy Code.

## Conclusion

For the reasons stated above, Semrad Law's application for compensation will be granted in a separate order and allowed as an administrative expense claim in the converted chapter 7 case, subject to objection by the chapter 7 trustee. Semrad Law's request for payment from the former chapter 13 trustee is denied. Remaining funds in the now-terminated chapter 13 estate must be paid to Debtors.

Dated: October 12, 2022

ENTER:

*LaShonda A. Hunt*
Honorable LaShonda A. Hunt
United States Bankruptcy Judge